1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTOS HATFIELD,

      Petitioner,               No. CIV S-07-0953 RRB GGH P

     vs.

LENARD KARLTON, Third District Judge,[1]

      Respondent.            ORDER

_____/

        Petitioner, a prisoner proceeding pro se, has purportedly filed a petition pursuant to 28 U.S.C. §2254. Pursuant to an Order, filed on June 22, 2007, plaintiff has made multiple efforts to file the appropriate affidavit to support a request for in forma pauperis status. The court will find the in forma pauperis applications are adequate to demonstrate that petitioner is

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has evidently sought to name a judge of the Third District Court as respondent. This is not a proper respondent. Petitioner is cautioned to name the proper respondent in any amended filing. Failure to do so will result in the dismissal of the petition with leave to amend. See Stanley, 21 F.3d at 360.

1

1  unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will
2  be granted.  See 28 U.S.C. § 1915(a).
3         Petitioner has made numerous filings but he has not made clear precisely what he
4  challenges by his petition.   He appears to be challenging an unspecified state conviction, which
5  occurred in San Joaquin County on August 12, 2005.  Petition, p. 2.  However, he also states that
6  he was arrested on August 12, 2005, and "handed over to C.D.C. on 9-21-05," at which point he
7  demanded a speedy trial of which he was deprived.  Id. at 3-4.  Petitioner was evidently
8  incarcerated at California State Prison (CSP)-Vacaville with other unidentified charges pending
9  and avers that a failure to bring him to trial either in federal or state court within 90 days of
10 petitioner having provided written notice to the San Joaquin County district attorney of his
11 whereabouts requires that charges be dismissed.  Id. at 4.  Petitioner claims that he has received
12 ineffective assistance of counsel, that he was denied his right to a speedy trial.  Petition, pp. 5-6.
13 Petitioner, at this time, appears to be incarcerated at a federal facility.
14        Subsequent filings by petitioner do not clarify the basis of this petition.  For
15 example, petitioner filed a letter wherein he states that he wrote Judge Damrell seeking to have
16 his case dismissed.  See Docket Entry # 31.  Petitioner includes correspondence from
17 Congresswoman Maxine Waters directing him to contact his state representative.  Id.  At Docket
18 Entry # 39, petitioner purports to have filed a § 2255 motion, claiming a violation of the double
19 jeopardy clause of the Fifth Amendment but without clarifying the basis of his claim by
20 identifying what conviction or convictions are at issue.   At Docket Entry # 51, petitioner brings a
21 "motion to dismiss by not being indicted in the 30 days upon my arrest on 8-12-05."   At Docket
22 Entry # 53, petitioner purports to have filed a motion to dismiss "for the warden and
23 commissioner at DVI state prison for not informing me of a detainer and arrest warrant on 9-7-
24 05," that petitioner maintains was issued by the undersigned on September 1, 2005.
25        The petition, and subsequent motions, will be dismissed but petitioner will be
26 granted leave to amend.  Petitioner must plainly identify the conviction he is challenging.  If he

challenges a state court conviction, he must demonstrate that he has exhausted state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Far from having shown that his state court remedies have been exhausted in the California Supreme Court, petitioner does not even make clear precisely what conviction or sentence he challenges.

If petitioner intends to proceed by way of 28 U.S.C. § 2255, he must file his motion to vacate, set aside, or correct his sentence within the federal criminal case at issue, once he has exhausted any direct appeal of that matter.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The petition (#1), as well as petitioner's motions, filed on January 31, 2008 (# 51) and on March 14, 2008 (#53) are dismissed, but petitioner is granted leave to file an amended petition within thirty days.

DATED: 03/26/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hatf0953.ord

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).